UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PROTECT-US, INC.

Plaintiff,

v.

INNOWORKS EMPLOYMENT SERVICES, INC.,

Defendant.

Case No.: 25-CV-2167 JLS (KSC)

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD**

(ECF No. 23)

Presently before the Court is Pierson Ferdinand LLP's ("Movant") Motion to Withdraw as Counsel of Record ("Mot.," ECF No. 23). Movant seeks to withdraw as counsel for Defendant Innoworks Employment Services, Inc. in this matter.[1] Mot. at 1.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (cleaned up) (internal quotation marks and citations omitted); *see also* Civ. L.R. 83.3(f)(3). "In ruling on a motion to withdraw as counsel,

---

[1] Gordon M. Berger, for whom a *pro hac vice* application was filed on October 21, 2025, *see* ECF No. 11, also seeks to withdraw as counsel of record and to withdraw the *pro hac vice* application. Mot. at 5. The Court notes that it did not rule on the application, as it was missing a required signature. *See* ECF No. 11. Nevertheless, the Court **GRANTS** Mr. Berger's request to withdraw the application.

1

courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

In relevant part, Rule 1.16 of the California Rules of Professional Conduct provides:

> (b) [A] lawyer may withdraw from representing a client if: (4) The client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively; [or] (5) The client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation.
>
> . . .
>
> (c) If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission.
>
> (d) A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e) [discussing return of client file and refund of unearned fees].

Pursuant to the Southern District of California's Civil Local Rules, "[a] motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(f)(3)(a). The Local Rules also state:

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

Movant seeks to withdraw due to irreconcilable differences. Mot. at 2. Movant submits that multiple attempts have been made to obtain Defendant's consent to the

withdrawal, to which Defendant has not responded. *Id.* Further, the case remains at an early stage: "[n]o rule 16 scheduling order has issued," "[n]o discovery has commenced," "[n]o depositions have been noticed," and "[t]here are no pending motions before the Court." *Id.* The Court finds that good cause exists for Movant to withdraw as counsel of record. Generalized descriptions of a "strained relationship" are sufficient to establish good cause. *See Heilman v. Silva*, No. 13-CV-2984 JLS (AGS), 2017 WL 822164, at *2 (S.D. Cal. Mar. 2, 2017) (premising good cause for withdrawal on "irreconcilable differences"). As the case is in an early phase, the Court does not find that withdrawal would unduly prejudice Defendant.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

25-CV-2167 JLS (KSC)

Accordingly, good cause appearing, the Court **GRANTS** the Motion (ECF No. 23) and **ORDERS** as follows:

1.      The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Movant Pierson Ferdinand LLP as counsel for Defendant in this case.

2.      Movant Pierson Ferdinand LLP **SHALL** serve a copy of this Order on Defendant Innoworks Employment Services, Inc., file proof of service with the Court, and inform Defendant of the contents of this Order by phone, text message, and email and submit a declaration of having done so.

3.      Pursuant to Civil Local Rule 83.3(j),[2] Defendant Innoworks Employment Services, Inc. must retain counsel and have counsel file a notice of appearance <u>within 30 days of entry of this Order</u> or be subject to default proceedings filed by Plaintiff pursuant to Rule 55 of the Federal Rules of Civil Procedure.

4.      The Court **VACATES** the April 9, 2026, hearing on the Motion.

**IT IS SO ORDERED.**

Dated: March 10, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Civil Local Rule 83.3(j) prohibits certain business entities from proceeding without representation. However, "rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings." *Sihler v. Fulfillment, Inc.*, No. 20-CV-1528-LL (DDL), 2023 WL 3046072, at *3 (S.D. Cal. Apr. 21, 2023) (first citing *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017) (ordering the defendant to obtain new counsel within thirty days); and then citing *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)).